Judge Pauley

**07 CV    6600**

GORLICK, KRAVITZ & LISTHAUS, P.C.
Michael J. Vollbrecht, Esq. (MV 1118)
17 State Street, 4th Floor
New York, New York  10004
(212) 269-2500
MVollbrecht@gkllaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUL 2 3 2007

U.S.D.C. S.D. N.Y.
CASHIERS

-----------------------------------------------------------------------------X

MASON TENDERS DISTRICT COUNCIL
WELFARE FUND, PENSION FUND, ANNUITY
FUND, and TRAINING PROGRAM FUND, and
JOHN J. VIRGA, in his fiduciary capacity as Director,

                                  Plaintiffs,

            - against -

YORK HUNTER INC., YORK HUNTER MANAGEMENT
LLC, KENNETH CALAO d/b/a YORK HUNTER
MANAGEMENT LLC, and KENNETH CALAO,

                                Defendants.

07 Civ.

COMPLAINT

-----------------------------------------------------------------------------X

        Plaintiffs MASON TENDERS DISTRICT COUNCIL WELFARE FUND, PENSION FUND,

ANNUITY FUND, and TRAINING PROGRAM FUND,  and JOHN J. VIRGA, in his fiduciary

capacity as Director (hereinafter collectively referred to as the "FUNDS"), by and through their

attorneys, GORLICK, KRAVITZ & LISTHAUS, P.C., as and for their Complaint, respectfully allege

as follows:

<u>NATURE OF THE ACTION AND JURISDICTION</u>

        1.      This is a civil action brought, *inter alia*, pursuant to sections 502(a)(3) and 515 of the

Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145) (hereinafter

referred to as "ERISA"), and section 301 of the Labor-Management Relations Act of 1947 (29

U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit

fund, an employee pension benefit fund, an employee annuity benefit fund and an employee training program fund, and by the Director of the FUNDS; for injunctive and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and/or reports to the FUNDS and to remit dues checkoffs and New York Laborers' Political Action Committee and Mason Tenders District Council Political Action Committee (collectively referred to herein as "PAC") contributions deducted from the wages paid employees who authorize said deductions in writing to the Mason Tenders District Council of Greater New York and Long Island (hereinafter referred to as the "UNION"). This Complaint alleges that by failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the FUNDS and remit dues checkoffs and PAC contributions to the UNION when due, defendants violated their collective bargaining agreements, and/or the respective trust agreements of the FUNDS, and/or ERISA.

       2.     Jurisdiction of this Court is invoked under the following statutes:

          a.        Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f));

          b.        Section 301 of the Taft-Hartley Act (29 U.S.C. § 185);

          c.        28 U.S.C. § 1331 (federal question); and

          d.        28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce).

       3.     Venue properly lies in this district under section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)). Service of process may be made on defendants in any other district in which they may be found, pursuant to section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)).

## PARTIES

       4.     Plaintiffs Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund are jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with sections 302(c)(5) and (c)(6) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5), (c)(6)). The FUNDS are employee benefit plans within the meaning of sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. §§ 1002(1), (2), (3), and 1132(d)(1)), and multi-employer plans within the

meaning of sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The FUNDS are authorized to maintain suit as independent legal entities under section 502(d) (1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the FUNDS is to provide various fringe benefits to eligible employees on whose behalf employers contribute to the FUNDS pursuant to collective bargaining agreements between employers in the building and construction industry and the UNION. The FUNDS maintain their offices and are administered at 520 Eighth Avenue, Suite 600, New York, New York 10018, in the City, County and State of New York.

5.    Plaintiff Mason Tenders District Council Welfare Fund (hereinafter referred to as "PLAINTIFF"), one of the above-mentioned labor trust funds, is the duly authorized collecting agent for plaintiffs FUNDS. The PLAINTIFF also collects the required monetary contributions due to the New York State Laborers-Employers Cooperation and Education Trust Fund ("NYS-LECET"), the New York Laborers' Health and Safety Trust Fund ("NYLHST"), and the Building Contractors Association Industry Advancement Program ("IAP"), as their authorized agent, and remits said contributions to the NYS-LECET, NYLHST, and IAP. In addition, the PLAINTIFF is duly authorized to collect the dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION.

6.    Plaintiff John J. Virga is the Director of the FUNDS and is a fiduciary of the FUNDS within the meaning of sections 3(21) and 502 of ERISA (29 U.S.C. §§ 1002(21) and 1132). He brings this action in his fiduciary capacity as Director of the FUNDS.

7.    Upon information and belief, at all times material hereto, defendant YORK HUNTER INC. was and is a domestic for-profit entity doing business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, defendant YORK HUNTER INC. was and is a member of non-party Building Contractors Association (hereinafter "the BCA"); The BCA is the exclusive bargaining agent for all of its members for the purposes of collective bargaining with the UNION. The BCA executed a certain collective bargaining agreement with the Union (referred to herein as the "the BCA Agreement") wherein, *inter alia*, defendant CORPORATION became obligated to pay and/or submit the required monetary contributions and/or reports to the FUNDS and remit dues checkoffs and PAC contributions deducted from the wages

- 4 -

paid employees who authorize said deductions in writing to the UNION, according to the BCA Agreement.

8.      Upon information and belief, at all times material hereto, defendant YORK HUNTER MANAGEMENT (hereinafter "YORK HUNTER MANAGEMENT") was and is a domestic for-profit entity doing business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, defendant YORK HUNTER MANAGEMENT executed a collective bargaining Agreement with the UNION (hereinafter the "2002-2005 Agreement") wherein, *inter alia*, defendant YORK HUNTER MANAGEMENT became obligated to pay and/or submit the required monetary contributions and/or reports to the FUNDS and remit dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION, according to the 2002-2005 Agreement, for all work performed by defendant YORK HUNTER MANAGEMENT's employees within the trade and geographical jurisdictions of the UNION, and to permit the FUNDS and/or their designated representatives to conduct audits of the books and records of defendant YORK HUNTER MANAGEMENT.

9.      Upon information and belief, at all times material hereto, defendant KENNETH CALAO d/b/a YORK HUNTER MANAGEMENT LLC has been President of defendant YORK HUNTER MANAGEMENT and has been acting in its interest. Upon information and belief, at all times material hereto, said defendant has been vested with authority and control over the payment and/or submission of the required monetary contributions and/or reports to the FUNDS and deduction and remittance of dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION, owed by defendant YORK HUNTER MANAGEMENT under the terms of the 2002-2005 Agreement. As such, said defendant is an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and is an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, said defendant executed on behalf of YORK HUNTER MANAGEMENT and individually the 2002-2005 Agreement with the UNION wherein, inter alia, said defendant became obligated to pay and/or submit the required monetary contributions and/or reports to the FUNDS and remit dues checkoffs

and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION, according to the 2002-2005 Agreement, for all work performed by YORK HUNTER MANAGEMENT's employees within the trade and geographical jurisdictions of the UNION, and to permit the FUNDS and/or their designated representatives to conduct audits of the books and records of defendant YORK HUNTER MANAGEMENT. Said defendant is sued in this action in his individual and official capacities.

10.     Upon information and belief, at all times material hereto, defendant KENNETH CALAO is and has been President of defendant YORK HUNTER MANAGEMENT and is and has been acting in its interest. Upon information and belief, at all times material hereto, said defendant is and has been vested with authority and control over the payment and/or submission of the required monetary contributions and/or reports to the FUNDS and deduction and remittance of dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION, owed by defendant YORK HUNTER MANAGEMENT under the terms of the 2002-2005 Agreement. Further, upon information and belief, said defendant executed on behalf of the YORK HUNTER MANAGEMENT and himself individually the 2002-2005 Agreement with the UNION wherein, *inter alia*, said defendant became obligated to pay and/or submit the required monetary contributions and/or reports to the FUNDS and remit dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION, according to the 2002-2005 Agreement, for all work performed by the YORK HUNTER MANAGEMENT's employees within the trade and geographical jurisdictions of the UNION, and to permit the FUNDS and/or their designated representatives to conduct audits of the books and records of defendant YORK HUNTER MANAGEMENT. Based upon all of the foregoing facts, said defendant is an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and is an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Said defendant (hereinafter referred to as "SIGNATORY") is sued in this action in his individual and official capacities.

11.     Upon information and belief, defendants YORK HUNTER INC. and YORK HUNTER MANAGEMENT have been affiliated business enterprises at all times relevant to this action. Upon information and belief, defendants YORK HUNTER INC. and YORK HUNTER MANAGEMENT have common ownership and management, share assets, equipment, payroll and

- 6 -

employees, and/or have centralized control of labor relations. Upon information and belief, defendants YORK HUNTER INC. and YORK HUNTER MANAGEMENT perform work within the trade and geographical jurisdiction of the UNION. Accordingly, defendants YORK HUNTER INC. and YORK HUNTER MANAGEMENT constitute a single employer for purposes of this action.

12.    Upon information and belief, defendant YORK HUNTER INC. has an ownership, stock, equitable or managerial interest in defendant YORK HUNTER MANAGEMENT. The BCA Agreement provides:

> If the Employer covered by this Trade Agreement or any such owner or principal forms or acquires by purchase, merger or otherwise, a controlling interest, whether by ownership, stock, equitable or managerial, in another company performing bargaining unit work within this jurisdiction, this Agreement shall cover such other operation and the Employer and such other bargaining unit employees shall be considered an accretion to the bargaining unit.

Accordingly, defendant YORK HUNTER MANAGEMENT is a party to the BCA Agreement and therefore is obligated by its terms.

13.    Upon information and belief, defendant YORK HUNTER MANAGEMENT has an ownership, stock, equitable or managerial interest in defendant YORK HUNTER INC. The 2002-2005 Agreement provides:

> If the Employer covered by this Trade Agreement or any such owner or principal forms or acquires by purchase, merger or otherwise, a controlling interest, whether by ownership, stock, equitable or managerial, in another company performing bargaining unit work within this jurisdiction, this Agreement shall cover such other operation and the Employer and such other bargaining unit employees shall be considered an accretion to the bargaining unit.

Accordingly, defendant YORK HUNTER INC. is a party to the 2002-2005 Agreement and therefore is obligated by its terms.

## AS AND FOR A FIRST CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT YORK HUNTER INC.)

14.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 13 of this Complaint, as if fully set forth herein.

15.    As a result of work performed by individual employees of defendant YORK HUNTER INC., pursuant to the BCA Agreement, there became due and owing to PLAINTIFF, as the duly authorized collecting agent, the amount of $2,922.68 as and for fringe benefit contributions based on an audit for the period August 27, 2002 through July 26, 2004.

16.    No part of the fringe benefit contributions contractually due the PLAINTIFF has been paid by defendant YORK HUNTER INC., although all fringe benefit contributions have been duly demanded, and PLAINTIFF as the duly authorized collecting agent, has been damaged in the amount of $2,922.68.

17.    The failure, refusal or neglect of defendant YORK HUNTER INC. to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the BCA Agreement between the BCA and the UNION with respect to which defendant YORK HUNTER INC. and PLAINTIFF are third-party beneficiaries.

18.    Accordingly, defendant YORK HUNTER INC. is liable to PLAINTIFF, as the duly authorized collecting agent, as and for fringe benefit contributions in the amount of $2,922.68 due based on an audit for the period August 27, 2002 through July 26, 2004, plus such other or further amounts found due and owing pursuant to an audit of defendant YORK HUNTER INC.'s books and records for the period July 27, 2004 through the present.

## AS AND FOR A THIRD CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT SIGNATORY)

24.     PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

25.     By its terms, the 2002-2005 Agreement, *inter alia*, personally bound defendant SIGNATORY to assume all obligations of defendants alter ego and/or single employer YORK HUNTER MANAGEMENT and YORK HUNTER INC. under the 2002-2005 Agreement. The 2002-2005 Agreement provides:

> IN WITNESS WHEREOF the parties hereto have caused this Agreement to be signed this day and year by their duly authorized officers, and represent to each other that they were duly authorized to enter into this Agreement. **The person signing on behalf of the Employer also agrees to be personally bound by and to assume all obligations of the Employer provided in this Agreement** and he warrants and represents that he has authority to bind the Employer and the principals or members thereof.

26.     Defendant SIGNATORY is obligated, pursuant to the 2002-2005 Agreement, to pay PLAINTIFF, as the duly authorized collecting agent, fringe benefit contributions due as aforesaid from defendants alter ego and/or single employer YORK HUNTER MANAGEMENT and YORK HUNTER INC.

27.     No part of the fringe benefit contributions contractually due to PLAINTIFF from defendants alter ego and/or single employer YORK HUNTER MANAGEMENT and YORK HUNTER INC. has been paid by defendant SIGNATORY, and PLAINTIFF, as the duly authorized collecting agent, has been damaged in the amount of $2,922.68 based on an audit of defendant YORK HUNTER INC.'s books and records for the period August 27, 2002 through July 26, 2004, plus such other or further amounts found due and owing pursuant to an audit of defendant YORK HUNTER INC.'s books and records for the period July 27, 2004 to the present.

28.     Accordingly, defendant SIGNATORY is personally liable to PLAINTIFF, as the duly authorized collecting agent, as aforesaid.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT YORK HUNTER MANAGEMENT)

29.     PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

30.     As a result of work performed by individual employees of defendant YORK HUNTER MANAGEMENT, pursuant to the 2002-2005 Agreement, there became due and owing to PLAINTIFF, as the duly authorized collecting agent, the amount of $55,092.80 as and for fringe benefit contributions based on an audit for the period August 27, 2002 through July 26, 2004.

31.     No part of the fringe benefit contributions contractually due the PLAINTIFF has been paid by defendant YORK HUNTER MANAGEMENT, although all fringe benefit contributions have been duly demanded, and PLAINTIFF as the duly authorized collecting agent, has been damaged in the amount of $50,092.88.

32.     The failure, refusal or neglect of defendant YORK HUNTER MANAGEMENT to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the  2002-2005 Agreement between defendant YORK HUNTER MANAGEMENT and the UNION with respect to which PLAINTIFF is a third-party beneficiary.

33.     Accordingly, defendant YORK HUNTER MANAGEMENT is liable to PLAINTIFF, as the duly authorized collecting agent, as and for fringe benefit contributions in the amount of $50,092.88 due based on an audit for the period August 27, 2002 through July 26, 2004, plus such other or further amounts found due and owing pursuant to an audit of defendant YORK HUNTER MANAGEMENT's books and records for the period July 27, 2004 through the present.

## AS AND FOR A FIFTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT YORK HUNTER INC. FOR BREACH OF CONTRACT FOR FRINGE BENEFIT CONTRIBUTIONS DUE FROM ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT YORK HUNTER MANAGEMENT)

34.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 33 of this Complaint, as if fully set forth herein.

35.    As a result of work performed by individual employees of defendant YORK HUNTER MANAGEMENT, pursuant to the 2002-2005 Agreement and pursuant to the BCA Agreement, there became due and owing to PLAINTIFF, as the duly authorized collecting agent, from defendant YORK HUNTER INC., as an alter ego and/or as a single employer with defendant YORK HUNTER MANAGEMENT, the amount of $50,092.80 as and for fringe benefit contributions for the period August 27, 2002 through July 26, 2004.

36.    No part of the fringe benefit contributions contractually due PLAINTIFF, as the duly authorized collecting agent, has been paid by defendant YORK HUNTER INC., although all fringe benefit contributions have been duly demanded, and PLAINTIFF has been damaged in the amount of $50,092.80.

37.    The failure, refusal or neglect of defendant YORK HUNTER INC. to make the required contributions to PLAINTIFF, as the duly authorized collecting agent, constitutes a violation of the 2002-2005 Agreement and the BCA Agreement, with respect to which PLAINTIFF is a third-party beneficiary.

38.    Accordingly, defendant YORK HUNTER INC. by the terms of the 2002-2005 Agreement and the BCA Agreement, as an alter ego and/or as a single employer with defendant YORK HUNTER MANAGEMENT, is liable to PLAINTIFF, as the duly authorized collecting agent, as and for fringe benefit contributions in the amount of $50,092.80 based on an audit for the period August 27, 2002 through July 26, 2004, plus such other or further amounts found due and owing pursuant to an audit of defendant YORK HUNTER MANAGEMENT's books and records for the period July 27, 2004 to the present.

## AS AND FOR A SIXTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT
### BY DEFENDANT SIGNATORY)

39.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 38 of this Complaint, as if fully set forth herein.

40.    By its terms, the 2002-2005 Agreement, *inter alia*, personally bound defendant SIGNATORY to assume all obligations of defendants alter ego and/or single employer YORK HUNTER MANAGEMENT and YORK HUNTER INC. under the 2002-2005 Agreement.

41.    Defendant SIGNATORY is obligated, pursuant to the 2002-2005 Agreement, to pay PLAINTIFF, as the duly authorized collecting agent, fringe benefit contributions due as aforesaid from defendants alter ego and/or single employer YORK HUNTER MANAGEMENT and YORK HUNTER INC.

42.    No part of the fringe benefit contributions contractually due to PLAINTIFF from defendants alter ego and/or single employer YORK HUNTER MANAGEMENT and YORK HUNTER INC. has been paid by defendant SIGNATORY, and PLAINTIFF, as the duly authorized collecting agent, has been damaged in the amount of $50,092.80 based on an audit of defendant YORK HUNTER MANAGEMENT's books and records for the period August 27, 2002 through July 26, 2004, plus such other or further amounts found due and owing pursuant to an audit of defendant YORK HUNTER MANAGEMENT's books and records for the period July 27, 2004 to the present.

43.    Accordingly, defendant SIGNATORY is personally liable to PLAINTIFF, as the duly authorized collecting agent, as aforesaid.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF ERISA OBLIGATIONS BY
### DEFENDANT YORK HUNTER INC.)

44.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 43 of this Complaint, as if fully set forth herein.

45.    Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

46.    Upon information and belief, at all times material hereto, defendant YORK HUNTER INC. failed to pay or timely pay and/or submit the required monetary contributions and/or reports to PLAINTIFF, as the duly authorized collecting agent, due as a result of work performed by individual employees of defendant YORK HUNTER INC.. Such failure to make payment or timely payment and/or submit reports constitutes a violation of section 515 of ERISA (29 U.S.C. § 1145).

47.    Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff fund the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under PLAINTIFF fund's plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

48.    Accordingly, defendant YORK HUNTER INC. is liable to PLAINTIFF, as the duly authorized collecting agent, for the payment and/or submission of the required monetary contributions and/or reports to PLAINTIFF as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to section 502 of ERISA (29 U.S.C. § 1132).

## AS AND FOR AN EIGHTH CLAIM FOR RELIEF

### (PLAINTIFF'S  CLAIM AGAINST DEFENDANT YORK HUNTER MANAGEMENT FOR ERISA OBLIGATIONS CONTRACTUALLY DUE FROM ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT YORK HUNTER INC.)

49.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 48 of this Complaint, as if fully set forth herein.

50.    Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

51.    Upon information and belief, at all times material hereto, defendant YORK HUNTER MANAGEMENT by the terms of the BCA Agreement and the 2002-2005 Agreement, as an alter ego and/or as a single employer with defendant YORK HUNTER INC., failed to pay or timely pay

and/or submit the required monetary contributions and/or reports to PLAINTIFF, as the duly authorized collecting agent, due as a result of work performed by individual employees of defendant YORK HUNTER INC. Such failure to make payment or timely payment and/or submit reports constitutes a violation of section 515 of ERISA (29 U.S.C. § 1145).

52.     Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff fund the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under PLAINTIFF fund's plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

53.     Accordingly, defendant YORK HUNTER MANAGEMENT by the terms of the BCA Agreement and the 2002-2005 Agreement, as an alter ego and/or as a single employer with defendant YORK HUNTER INC., is liable to PLAINTIFF, as the duly authorized collecting agent, for the payment and/or submission of the required monetary contributions and/or reports to PLAINTIFF as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to section 502 of ERISA (29 U.S.C. § 1132).

## AS AND FOR A NINTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF ERISA OBLIGATIONS BY DEFENDANT YORK HUNTER MANAGEMENT)

54.     PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 53 of this Complaint, as if fully set forth herein.

55.     Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

56.     Upon information and belief, at all times material hereto, defendant YORK HUNTER MANAGEMENT, as an alter ego and/or as a single employer with defendant YORK HUNTER INC. and by the terms of the BCA Agreement and the 2002-2005 Agreement, failed to pay or timely pay and/or submit the required monetary contributions and/or reports to PLAINTIFF, as the duly

- 15 -

authorized collecting agent, due as a result of work performed by individual employees of defendant YORK HUNTER MANAGEMENT. Such failure to make payment or timely payment and/or submit reports constitutes a violation of section 515 of ERISA (29 U.S.C. § 1145).

57. Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff fund the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under PLAINTIFF fund's plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

58. Accordingly, defendant YORK HUNTER MANAGEMENT is liable to PLAINTIFF, as the duly authorized collecting agent, for the payment and/or submission of the required monetary contributions and/or reports to PLAINTIFF as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to section 502 of ERISA (29 U.S.C. § 1132).

## AS AND FOR A TENTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT YORK HUNTER INC. FOR ERISA OBLIGATIONS CONTRACTUALLY DUE FROM ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT YORK HUNTER MANAGEMENT)

59. PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 58 of this Complaint, as if fully set forth herein.

60. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

61. Upon information and belief, at all times material hereto, defendant YORK HUNTER INC. by the terms of the 2002-2005 Agreement and the BCA Agreement, as an alter ego and/or as a single employer with defendant YORK HUNTER MANAGEMENT, failed to pay or timely pay and/or submit the required monetary contributions and/or reports to PLAINTIFF, as the duly authorized collecting agent, due as a result of work performed by individual employees of defendant

YORK HUNTER MANAGEMENT. Such failure to make payment or timely payment and/or submit reports constitutes a violation of section 515 of ERISA (29 U.S.C. § 1145).

62.     Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff fund the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under PLAINTIFF fund's plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

63.     Accordingly, defendant YORK HUNTER INC. by the terms of the 2002-2005 Agreement and the BCA Agreement, as an alter ego and/or as a single employer with defendant YORK HUNTER MANAGEMENT, is liable to PLAINTIFF, as the duly authorized collecting agent, for the payment and/or submission of the required monetary contributions and/or reports to PLAINTIFF as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to section 502 of ERISA (29 U.S.C. § 1132).

## AS AND FOR AN ELEVENTH CLAIM FOR RELIEF
### (PLAINTIFF'S CLAIM FOR ERISA DAMAGES AGAINST DEFENDANT SIGNATORY)

64.     PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 63 of this Complaint, as if fully set forth herein.

65.     Upon information and belief, defendant SIGNATORY is and has been acting in the interest of defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT. Upon information and belief, defendant SIGNATORY executed on behalf of defendant alter ego and/or single employer YORK HUNTER INC. and individually the 2002-2005 Agreement with the UNION wherein defendant SIGNATORY became personally bound to assume obligations of defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT under the 2002-2005 Agreement.

66.    Furthermore, upon information and belief, defendant SIGNATORY is an Officer of defendant alter ego and/or single employer YORK HUNTER INC. and is an Officer of defendant alter ego and/or single employer YORK HUNTER MANAGEMENT has been and is vested with authority and control over payments of the required monetary contributions to PLAINTIFF for all work performed by individual employees of defendant SIGNATORY within the trade and geographical jurisdiction of the UNION.

67.    As such, defendant SIGNATORY is an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

68.    Section 515 of ERISA (29 U.S.C. § 145) requires employers to pay fringe benefits contributions in accordance with the terms and conditions of the 2002-2005 Agreement.

69.    Upon information and belief, at all times material thereto, defendant SIGNATORY failed to pay or timely pay and/or submit the required monetary contributions and/or reports to PLAINTIFF due from defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT.  Such failure to make payment or timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

70.    Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the court shall award to a plaintiff fund the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under PLAINTIFF fund's' plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorney's fees and costs and disbursements incurred in the action.

71.    Accordingly, defendant SIGNATORY is liable to PLAINTIFF, as the duly authorized collecting agent, for the payment and/or submission of the required monetary contributions and/or reports to PLAINTIFF as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

## AS AND FOR A TWELFTH CLAIM FOR RELIEF

(FUNDS' DEMAND FOR AN ORDER DIRECTING DEFENDANTS
ALTER EGO AND/OR SINGLE EMPLOYER YORK HUNTER INC. AND YORK HUNTER
MANAGEMENT TO PERMIT AN AUDIT OF THEIR BOOKS AND RECORDS)

72.     Plaintiffs FUNDS repeat and reallege each and every allegation contained in paragraphs 1 through 71 of this Complaint, as if fully set forth herein.

73.     Pursuant to the terms and conditions of the BCA Agreement and the 2002-2005 Agreement, defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT are required, respectively, *inter alia*, to file certain employer contribution reports with plaintiffs FUNDS, and are further required to permit and cooperate with plaintiffs FUNDS and/or their designated representatives in the conduct of audits of defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT' books and records, respectively, including, but not limited to, all payroll sheets, daily time records, job location records, cash disbursement journals, State tax forms WRS-2, WT4A and 4B (NY), WR#30 (NJ), Federal tax forms W2, W3, 940, 941, 1099, 1096, 1120s/1120S and 1040 Schedule C, New York State Employment Reports, Insurance YORK HUNTER INC. Reports and supporting checks, general ledgers, ledgers, vouchers, verification of work outside of the geographical jurisdiction of the UNION, evidence of unemployment insurance contributions, payroll tax deductions, disability insurance premiums, certification of workers compensation coverage, and any other items concerning payroll(s), as well as the same records of any affiliate, subsidiary, alter ego, joint venture or other related YORK HUNTER INC. of the Employer doing bargaining unit work, for the purpose of ascertaining the amount of fringe benefit contributions due PLAINTIFF, as the duly authorized collecting agent, from defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT, respectively, and verifying the accuracy of the employer contribution reports filed by defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT, respectively.

74.     Upon information and belief, defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT have failed to permit and/or cooperate in the conduct of audits.

75.    Accordingly, pursuant to the terms and conditions of the BCA Agreement and the 2002-2005 Agreement, plaintiffs FUNDS demand an order directing defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT, respectively, to permit and cooperate with plaintiffs FUNDS and/or their designated representatives in the conduct of an audit of defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT's books and records for the periods July 27, 2004 through the present.

## AS AND FOR A THIRTEENTH CLAIM FOR RELIEF

(FUNDS' DEMAND FOR AN ORDER DIRECTING DEFENDANT
SIGNATORY TO PERMIT AN AUDIT OF DEFENDANTS
ALTER EGO AND/OR SINGLE EMPLOYER
YORK HUNTER INC. AND YORK HUNTER MANAGEMENT'S BOOKS AND RECORDS)

76.    Plaintiffs FUNDS repeat and reallege each and every allegation contained in paragraphs 1 through 75 of this Complaint, as if fully set forth herein.

77.    Defendant SIGNATORY is obligated, pursuant to the terms of the BCA Agreement and the 2002-2005 Agreement, to permit and cooperate in the conduct of audits of the books and records of defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT as aforesaid.

78.    Upon information and belief, Defendant SIGNATORY has failed to permit and/or cooperate in the conduct of audits of the books and records of defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT.

79.    Accordingly, pursuant to the terms and conditions of the BCA Agreement and the 2002-2005 Agreement, plaintiffs FUNDS demand an order directing defendant SIGNATORY to permit and cooperate with plaintiffs FUNDS and/or their designated representatives in the conduct of the aforesaid audit of defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT's books and records for the periods July 27, 2004 through the present.

AS AND FOR A FOURTEENTH CLAIM FOR RELIEF

(PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT
BY DEFENDANT YORK HUNTER INC.)

80.     PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 79 of this Complaint, as if fully set forth herein.

81.     Pursuant to the BCA Agreement, defendant YORK HUNTER INC., *inter alia*, became obligated to deduct dues checkoffs from the wages paid to the employees of defendant YORK HUNTER INC. performing work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing.  The BCA Agreement provide in relevant part:

> The Employer shall deduct one dollar ($1.10) per hour, plus any additional sum per hour hereafter specified by the union, as dues from the wages of all Mason Tenders who authorize such deduction in writing and then promptly pay over such sums to the Mason Tenders District Council not later than one week after said deduction.

82.     Upon information and belief, pursuant to the BCA Agreement and as a result of work performed by individual employees of defendant YORK HUNTER INC. who authorized said deduction in writing, defendant YORK HUNTER INC. deducted $219.45 as and for dues checkoffs for the period August 27, 2002 through July 26, 2004.

83.     No part of the dues checkoffs contractually due PLAINTIFF, as the duly authorized collecting agent for the UNION, has been remitted by defendant YORK HUNTER INC. to PLAINTIFF, although all unremitted dues checkoffs have been duly demanded, and a balance of $219.45 remains unpaid.

84.     Accordingly, defendant YORK HUNTER INC. is liable to PLAINTIFF, as the duly authorized collecting agent for the UNION, as and for unremitted dues checkoffs in the amount of $219.45 due for the period August 27, 2002 through July 26, 2004, plus such other or further amounts found to be due and owing pursuant to the aforesaid audit of defendant YORK HUNTER INC.'s books and records.

## AS AND FOR A FIFTEENTH CLAIM FOR RELIEF

(PLAINTIFF'S CLAIM AGAINST DEFENDANT YORK HUNTER MANAGEMENT FOR
BREACH OF CONTRACT BY ALTER EGO AND/OR
SINGLE EMPLOYER DEFENDANT YORK HUNTER INC.)

85.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 84 of this Complaint, as if fully set forth herein.

86.    Pursuant to the 2002-2005 Agreement and the BCA Agreement, defendant YORK HUNTER MANAGEMENT, as an alter ego and/or as a single employer with defendant YORK HUNTER INC., *inter alia*, became obligated to deduct dues checkoffs from the wages paid to the employees of defendant YORK HUNTER INC. performing work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing.

87.    Upon information and belief, pursuant to the 2002-2005 Agreement and the BCA Agreement and as a result of work performed by individual employees of defendant YORK HUNTER INC. who authorized said deduction in writing, defendant YORK HUNTER MANAGEMENT, as an alter ego and/or as a single employer with defendant YORK HUNTER INC., deducted $219.45 as and for dues checkoffs for the period August 27, 2002 through July 26, 2004.

88.    No part of the dues checkoffs contractually due PLAINTIFF, as the duly authorized collecting agent for the UNION, has been remitted by defendant YORK HUNTER MANAGEMENT to PLAINTIFF, although all unremitted dues checkoffs have been duly demanded, and a balance of $219.45 remains unpaid.

89.    Accordingly, defendant YORK HUNTER MANAGEMENT by the terms of the 2002-2005 Agreement and the BCA Agreement, as an alter ego and/or as a single employer with defendant YORK HUNTER INC., is liable to PLAINTIFF, as the duly authorized collecting agent for the UNION, as and for unremitted dues checkoffs in the amount of $219.45 due for the period August 27, 2002 through July 26, 2004. plus such other or further amounts found to be due and owing pursuant to the aforesaid audit of defendant YORK HUNTER INC.'s books and records.

## AS AND FOR A SIXTEENTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT
### BY DEFENDANT SIGNATORY)

90.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 89of this Complaint, as if fully set forth herein.

91.    By its terms, the 2002-2005 Agreement, *inter alia*, personally bound defendant SIGNATORY to assume all obligations of defendants alter ego and/or single employer YORK HUNTER MANAGEMENT and YORK HUNTER INC. under the 2002-2005 Agreement.

92.    Defendant SIGNATORY is obligated, pursuant to the 2002-2005 Agreement, to pay PLAINTIFF, as the duly authorized collecting agent, dues checkoffs due as aforesaid from defendants alter ego and/or single employer YORK HUNTER MANAGEMENT and YORK HUNTER INC.

93.    No part of the dues checkoffs contractually due to PLAINTIFF from defendants alter ego and/or single employer YORK HUNTER MANAGEMENT and YORK HUNTER INC. has been paid by defendant SIGNATORY, and PLAINTIFF, as the duly authorized collecting agent, has been damaged in the amount of $219.45 based on an audit of defendant YORK HUNTER INC.'s books and records for the period August 27, 2002 through July 26, 2004, plus such other or further amounts found due and owing pursuant to an audit of defendant YORK HUNTER INC.'s books and records for the period July 27, 2004 to the present.

94.    Accordingly, defendant SIGNATORY is personally liable to PLAINTIFF, as the duly authorized collecting agent, as aforesaid.

## AS AND FOR A SEVENTEENTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT
### BY DEFENDANT YORK HUNTER MANAGEMENT)

95.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 94 of this Complaint, as if fully set forth herein.

96.    Pursuant to the 2002-2005 Agreement, defendant YORK HUNTER MANAGEMENT, *inter alia*, became obligated to deduct dues checkoffs from the wages paid to the

employees of defendant YORK HUNTER MANAGEMENT performing work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing. The 2002-2005 Agreement provides in relevant part:

> The Employer shall deduct one dollar and ten cents ($1.10) per hour, plus any additional sum per hour hereafter specified by the Union, as dues from the wages of all Mason Tenders who authorize such deduction in writing and then promptly pay over such sums to the Mason Tenders District Council not later than one week after said deduction.

97.     Upon information and belief, pursuant to the 2002-2005 Agreement and as a result of work performed by individual employees of defendant YORK HUNTER MANAGEMENT who authorized said deduction in writing, defendant YORK HUNTER MANAGEMENT deducted $4,565.70 as and for dues checkoffs for the period August 27, 2002 through July 26, 2004.

98.     No part of the dues checkoffs contractually due PLAINTIFF, as the duly authorized collecting agent for the UNION, has been remitted by defendant YORK HUNTER MANAGEMENT to PLAINTIFF, although all unremitted dues checkoffs have been duly demanded, and a balance of $4,565.70 remains unpaid.

99.     Accordingly, defendant YORK HUNTER MANAGEMENT is liable to PLAINTIFF, as the duly authorized collecting agent for the UNION, as and for unremitted dues checkoffs in the amount of $4,565.70 due for the period August 27, 2002 through July 26, 2004, plus such other or further amounts found to be due and owing pursuant to the aforesaid audit of defendant YORK HUNTER MANAGEMENT's books and records.

## AS AND FOR AN EIGHTEENTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT YORK HUNTER INC. FOR BREACH OF CONTRACT BY ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT YORK HUNTER MANAGEMENT)

100.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 99 of this Complaint, as if fully set forth herein.

101.    Pursuant to the BCA Agreement and the 2002-2005 Agreement, defendant YORK HUNTER INC., as an alter ego and/or as a single employer with defendant YORK HUNTER MANAGEMENT, *inter alia*, became obligated to deduct dues checkoffs from the wages paid to the employees of defendant YORK HUNTER MANAGEMENT performing work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing.

102.    Upon information and belief, pursuant to the BCA Agreement and the 2002-2005 Agreement and as a result of work performed by individual employees of defendant YORK HUNTER MANAGEMENT who authorized said deduction in writing, defendant YORK HUNTER INC., as an alter ego and/or as a single employer with defendant YORK HUNTER MANAGEMENT, deducted $4,565.70 as and for dues checkoffs for the period August 27, 2002 through July 26, 2004.

103.    No part of the dues checkoffs contractually due PLAINTIFF, as the duly authorized collecting agent for the UNION, has been remitted by defendant YORK HUNTER INC. to PLAINTIFF, although all unremitted dues checkoffs have been duly demanded, and a balance of $4,565.70 remains unpaid.

104.    Accordingly, defendant YORK HUNTER INC. by the terms of the BCA Agreement and the 2002-2005 Agreement, as an alter ego and/or as a single employer with defendant YORK HUNTER MANAGEMENT, is liable to PLAINTIFF, as the duly authorized collecting agent for the UNION, as and for unremitted dues checkoffs in the amount of $4,560.7- due for the period August 27, 2002 through July 26, 2004. plus such other or further amounts found to be due and owing pursuant to the aforesaid audit of defendant YORK HUNTER MANAGEMENT's books and records.

## AS AND FOR A NINETEENTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT
### BY DEFENDANT SIGNATORY)

105.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 104 of this Complaint, as if fully set forth herein.

106.    By its terms, the 2002-2005 Agreement, *inter alia*, personally bound defendant SIGNATORY to assume all obligations of defendants alter ego and/or single employer YORK HUNTER MANAGEMENT and YORK HUNTER INC. under the 2002-2005 Agreement.

107.    Defendant SIGNATORY is obligated, pursuant to the 2002-2005 Agreement, to pay PLAINTIFF, as the duly authorized collecting agent, dues checkoffs due as aforesaid from defendants alter ego and/or single employer  YORK HUNTER MANAGEMENT and YORK HUNTER INC.

108.    No part of the dues checkoffs contractually due to PLAINTIFF from defendants alter ego and/or single employer YORK HUNTER MANAGEMENT and YORK HUNTER INC. has been paid by defendant SIGNATORY, and PLAINTIFF, as the duly authorized collecting agent, has been damaged in the amount of $4,565.70 based on an audit of defendant YORK HUNTER MANAGEMENT's books and records for the period August 27, 2002 through July 26, 2004, plus such other or further amounts found due and owing pursuant to an audit of defendant YORK HUNTER MANAGEMENT's books and records for the period July 27, 2004 to the present.

109.    Accordingly, defendant SIGNATORY is personally liable to PLAINTIFF, as the duly authorized collecting agent, as aforesaid.

## AS AND FOR AN TWENTIETH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT
### BY DEFENDANT YORK HUNTER INC.)

110.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 109 of this Complaint, as if fully set forth herein.

111.    Pursuant to the BCA Agreement, defendant YORK HUNTER INC., *inter alia*, became obligated to remit contributions to the Mason Tenders District Council Political Action

Committee ("PAC") deducted from the wages paid to the employees of defendant YORK HUNTER INC. performing work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing. The BCA Agreement provides in relevant part:

> The Employer agrees to deduct and transmit to the Mason Tenders District Council Political Action Committee $0.10 for each hour worked, or such other amount as the Union may from time to time designate in writing to the employer, from the wages of those employees who have voluntarily authorized such contributions on the forms provided for that purpose by the Union. These transmittals shall occur weekly, and shall be accompanied by a list of the names of those employees for whom such deductions have been made, and the amount deducted for each such employee.

112.    Upon information and belief, pursuant to the BCA Agreement and as a result of work performed by individual employees of defendant YORK HUNTER INC. who authorized said deduction in writing, defendant YORK HUNTER INC. deducted $19.95 as and for PAC contributions for the period August 27, 2002 through July 26, 2004.

113.    No part of the contributions contractually due the PAC has been remitted by defendant YORK HUNTER INC. to PLAINTIFF, as the duly authorized collecting agent for the PAC, although all unremitted PAC contributions have been duly demanded, and a balance of $19.95 remains unpaid.

114.    Accordingly, defendant YORK HUNTER INC. is liable to PLAINTIFF, as the duly authorized collecting agent for the PAC, who brings this action on behalf of the PAC as and for unremitted contributions in the amount of $19.95 due for the period August 27, 2002 through July 26, 2004, plus such other or further amounts found to be due and owing pursuant to the aforesaid audit of defendant YORK HUNTER INC.'s books and records.

AS AND FOR A TWENTY-FIRST CLAIM FOR RELIEF

(PLAINTIFF'S CLAIM AGAINST DEFENDANT YORK HUNTER MANAGEMENT FOR
BREACH OF CONTRACT BY ALTER EGO AND/OR SINGLE EMPLOYER
DEFENDANT YORK HUNTER INC.)

115.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 114 of this Complaint, as if fully set forth herein.

116.    Pursuant to the BCA Agreement and the 2002-2005 Agreement, defendant YORK HUNTER MANAGEMENT, as an alter ego and/or as a single employer with defendant YORK HUNTER INC., *inter alia*, became obligated to remit contributions to the PAC deducted from the wages paid to the employees of defendant YORK HUNTER INC. performing work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing.

117.    Upon information and belief, pursuant to the BCA Agreement and the 2002-2005 Agreement and as a result of work performed by individual employees of defendant YORK HUNTER INC. who authorized said deduction in writing, defendant YORK HUNTER MANAGEMENT, as an alter ego and/or as a single employer with defendant YORK HUNTER INC., deducted $19.95 as and for PAC contributions for the period August 27, 2002 through July 26, 2004.

118.    No part of the contributions contractually due the PAC has been remitted by defendant YORK HUNTER MANAGEMENT to PLAINTIFF, as the duly authorized collecting agent for the PAC, although all unremitted PAC contributions have been duly demanded, and a balance of $19.95 remains unpaid.

119.    Accordingly, defendant YORK HUNTER MANAGEMENT by the terms of the BCA Agreement and 2002-2005 Agreement, as an alter ego and/or as a single employer with defendant YORK HUNTER INC., is liable to PLAINTIFF, as the duly authorized collecting agent for the PAC, who brings this action on behalf of the PAC as and for unremitted contributions in the amount of $19.95 due for the period August 27, 2002 through July 26, 2004, plus such other or further amounts found to be due and owing pursuant to the aforesaid audit of defendant YORK HUNTER INC.'s books and records.

AS AND FOR A TWENTY-SECOND CLAIM FOR RELIEF

(PLAINTIFF'S  CLAIM FOR BREACH OF CONTRACT
BY DEFENDANT SIGNATORY)

120.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 119 of this Complaint, as if fully set forth herein.

121.    By its terms, the 2002-2005 Agreement, *inter alia*, personally bound defendant SIGNATORY to assume all obligations of defendants alter ego and/or single employer YORK HUNTER MANAGEMENT and YORK HUNTER INC. under the 2002-2005 Agreement.

122.    Defendant SIGNATORY is obligated, pursuant to the 2002-2005 Agreement, to pay PLAINTIFF, as the duly authorized collecting agent, PAC contributions due as aforesaid from defendants alter ego and/or single employer  YORK HUNTER MANAGEMENT and YORK HUNTER INC.

123.    No part of the PAC contributions contractually due to PLAINTIFF from defendants alter ego and/or single employer YORK HUNTER MANAGEMENT and YORK HUNTER INC. has been paid by defendant SIGNATORY, and PLAINTIFF, as the duly authorized collecting agent, has been damaged in the amount of $19.95 based on an audit of defendant YORK HUNTER INC.'s books and records for the period August 27, 2002 through July 26, 2004, plus such other or further amounts found due and owing pursuant to an audit of defendant YORK HUNTER INC.'s books and records for the period July 27, 2004 to the present.

124.    Accordingly, defendant SIGNATORY is personally liable to PLAINTIFF, as the duly authorized collecting agent, as aforesaid.

AS AND FOR AN TWENTY-THIRD CLAIM FOR RELIEF

(PLAINTIFF'S  CLAIM FOR BREACH OF CONTRACT
BY DEFENDANT YORK HUNTER MANAGEMENT)

125.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 124 of this Complaint, as if fully set forth herein.

126.    Pursuant to the 2002-2005 Agreement, defendant YORK HUNTER MANAGEMENT, *inter alia*, became obligated to remit contributions to the PAC deducted from the

wages paid to the employees of defendant YORK HUNTER MANAGEMENT performing work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing. The 2002-2005 Agreement provides in relevant part:

> The Employer agrees to deduct and transmit to the Mason Tenders District Council Political Action Committee (MTDCPAC) $0.10, or such other amount as the Union may determine, for each hour worked from the wages of those employees who have voluntarily authorized such contributions on the forms provided for that purpose by the Union. These transmittals shall occur weekly, and shall be accompanied by a list of the names of those employees for whom such deductions have been made, and the amount deducted for each such employee.

127. Upon information and belief, pursuant to the 2002-2005 Agreement and as a result of work performed by individual employees of defendant YORK HUNTER MANAGEMENT who authorized said deduction in writing, defendant YORK HUNTER MANAGEMENT deducted $338.20 as and for PAC contributions for the period August 27, 2002 through July 26, 2004.

128. No part of the contributions contractually due the PAC has been remitted by defendant YORK HUNTER MANAGEMENT to PLAINTIFF, as the duly authorized collecting agent for the PAC, although all unremitted PAC contributions have been duly demanded, and a balance of $338.20 remains unpaid.

129. Accordingly, defendant YORK HUNTER MANAGEMENT is liable to PLAINTIFF, as the duly authorized collecting agent for the PAC, who brings this action on behalf of the PAC as and for unremitted contributions in the amount of $338.20 due for the period August 27, 2002 through July 26, 2004, plus such other or further amounts found to be due and owing pursuant to the aforesaid audit of defendant YORK HUNTER MANAGEMENT's books and records.

## AS AND FOR A TWENTY-FOURTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM AGAINST DEFENDANT YORK HUNTER INC. FOR BREACH OF CONTRACT BY ALTER EGO AND/OR SINGLE EMPLOYER DEFENDANT YORK HUNTER MANAGEMENT)

130.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 129 of this Complaint, as if fully set forth herein.

131.    Pursuant to the 2002-2005 Agreement and the BCA Agreement, defendant YORK HUNTER INC., as an alter ego and/or as a single employer with defendant YORK HUNTER MANAGEMENT, *inter alia*, became obligated to remit contributions to the PAC deducted from the wages paid to the employees of defendant YORK HUNTER MANAGEMENT. performing work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing.

132.    Upon information and belief, pursuant to the 1999-2002 Agreement and the BCA Agreement and as a result of work performed by individual employees of defendant YORK HUNTER MANAGEMENT who authorized said deduction in writing, defendant YORK HUNTER INC., as an alter ego and/or as a single employer with defendant YORK HUNTER MANAGEMENT, deducted $338.20 as and for PAC contributions for the period August 27, 2002 through July 26, 2004.

133.    No part of the contributions contractually due the PAC has been remitted by defendant YORK HUNTER INC. to PLAINTIFF, as the duly authorized collecting agent for the PAC, although all unremitted PAC contributions have been duly demanded, and a balance of $338.20 remains unpaid.

134.    Accordingly, defendant YORK HUNTER INC. by the terms of the 2002-2005 Agreement and the BCA Agreement, as an alter ego and/or as a single employer with defendant YORK HUNTER MANAGEMENT, is liable to PLAINTIFF, as the duly authorized collecting agent for the PAC, who brings this action on behalf of the PAC as and for unremitted contributions in the amount of $338.20 due for the period August 27, 2002 through July 26, 2004, plus such other or further amounts found to be due and owing pursuant to the aforesaid audit of defendant YORK HUNTER MANAGEMENT's books and records.

## AS AND FOR A TWENTY-FIFTH CLAIM FOR RELIEF

### (PLAINTIFF'S  CLAIM FOR BREACH OF CONTRACT
### BY DEFENDANT SIGNATORY)

135.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 134 of this Complaint, as if fully set forth herein.

136.    By its terms, the 2002-2005 Agreement, *inter alia*, personally bound defendant SIGNATORY to assume all obligations of defendants alter ego and/or single employer YORK HUNTER MANAGEMENT and YORK HUNTER INC. under the 2002-2005 Agreement.

137.    Defendant SIGNATORY is obligated, pursuant to the 2002-2005 Agreement, to pay PLAINTIFF, as the duly authorized collecting agent, PAC contributions due as aforesaid from defendants alter ego and/or single employer  YORK HUNTER MANAGEMENT and YORK HUNTER INC.

138.    No part of the PAC contributions contractually due to PLAINTIFF from defendants alter ego and/or single employer YORK HUNTER MANAGEMENT and YORK HUNTER INC. has been paid by defendant SIGNATORY, and PLAINTIFF, as the duly authorized collecting agent, has been damaged in the amount of $338.20 based on an audit of defendant YORK HUNTER MANAGEMENT's books and records for the period August 27, 2002 through July 26, 2004, plus such other or further amounts found due and owing pursuant to an audit of defendant YORK HUNTER MANAGEMENT's books and records for the period July 27, 2004 to the present.

139.    Accordingly, defendant SIGNATORY is personally liable to PLAINTIFF, as the duly authorized collecting agent, as aforesaid.

## AS AND FOR A TWENTY-SIXTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT BY
### DEFENDANTS YORK HUNTER INC. AND YORK HUNTER MANAGEMENT)

140.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 139 of this Complaint, as if fully set forth herein.

141.    Pursuant to the terms and conditions of the 2002-2005 Agreement, defendant YORK HUNTER INC. and defendant YORK HUNTER MANAGEMENT are required, *inter alia*,

to post and maintain a bond to guarantee payment of all fringe benefit contributions to PLAINTIFF, as the duly authorized agent, and remittance of all dues checkoffs and PAC contributions to PLAINTIFF that become due and owing. The 2002-2005 Agreement provide in relevant part:

> The Employer shall post and maintain a bond to ensure payment of contributions to the Fringe Benefit Funds set forth in this Article of the Agreement and remittance of dues check-offs and MTDCPAC contributions to the Union. The minimum amount of the bond shall be fifty thousand dollars ($50,000). The required amount of the bond shall increase based on the number of hours of work performed by the Mason Tender employees of the Employer in nay twelve-month period, pursuant to the following schedule:

| Number of Mason Tender Hours | Minimum Bond |
| --- | --- |
| 35,000 to 49,999 | $ 70,000.00 |
| 50,000 to 74,499 | $100,000.00 |
| 75,000 to 99,999 | $130,000.00 |
| 100,000 or more | $150,000.00 |

142.    Upon information and belief, defendant YORK HUNTER INC. and YORK HUNTER MANAGEMENT's employees performed 0 to 34,999 Mason Tender hours of work in the prior year.

143.    Defendants YORK HUNTER INC. and YORK HUNTER MANAGEMENT are obligated, pursuant to the 2002-2005 Agreement, to post and maintain a bond in the amount of $50,000.00.

144.    No bond in the amount of $50,000.00 has been provided to plaintiffs by defendant YORK HUNTER INC. and defendant YORK HUNTER MANAGEMENT although such a bond is required pursuant to the 2002-2005 Agreement, and plaintiffs have been damaged in the amount of $50,000.00.

145.    The failure, refusal or neglect of defendant YORK HUNTER INC. and defendant YORK HUNTER MANAGEMENT to post and maintain the required bond constitutes a violation of the 2002-2005 Agreement between defendant YORK HUNTER MANAGEMENT and the UNION with respect to which PLAINTIFF is a third-party beneficiary.

146.    Accordingly, defendant YORK HUNTER INC. and defendant YORK HUNTER MANAGEMENT are obligated to post and maintain a bond in the amount of $50,000.00.

<u>AS AND FOR A TWENTY-SEVENTH CLAIM FOR RELIEF</u>

(PLAINTIFF'S  CLAIM FOR BREACH OF CONTRACT
BY DEFENDANT SIGNATORY)

147.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 146 of this Complaint, as if fully set forth herein.

148.    Defendant SIGNATORY is obligated, pursuant to the terms of the 2002-2005 Agreement, to post and maintain a bond.

149.    No bond in the amount of $50,000.00 has been provided to plaintiffs by defendant SIGNATORY, although such a bond is required pursuant to the 2002-2005 Agreement.

150.    Accordingly, defendant SIGNATORY is personally obligated to post and maintain a bond in the amount of $50,000.00 on behalf of defendants YORK HUNTER INC. and YORK HUNTER MANAGEMENT.

<u>AS AND FOR AN TWENTY-EIGHTH CLAIM FOR RELIEF</u>

(PLAINTIFF'S CLAIM FOR THE COST OF THE YORK HUNTER INC. AND YORK
HUNTER MANAGEMENT AUDITS AGAINST DEFENDANTS YORK
HUNTER INC. AND YORK HUNTER MANAGEMENT)

151.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 150 of this Complaint, as if fully set forth herein.

152.    Pursuant to the BCA Agreement and the 2002-2005 Agreement, defendant YORK HUNTER INC. and defendant YORK HUNTER MANAGEMENT, as an alter ego and/or as a single employer with defendant YORK HUNTER INC., are obligated, *inter alia*, to pay the costs of the audit of the books and records of defendant YORK HUNTER INC., if it is found to be substantially delinquent in the payment of fringe benefit contributions to PLAINTIFF. The BCA Agreement and the 2002-2005 Agreement each provide in relevant part:

> If after an audit of its books and records the Employer is found to be substantially delinquent, as defined herein, in the payment of fringe benefit contributions to the Trust Funds set forth in this Article of the Agreements, the Employer shall bear the imputed cost of the audit as set forth below:

$$\frac{\text{total audited deficiency}}{150} \times \text{number of months audited} = \text{imputed cost of audit}$$

Substantially delinquent is defined as any deficiency in the payment of fringe benefit contributions to the Trust Funds set forth in this Article of the Agreements in excess of 10% of the fringe benefit contributions paid to the Trust Funds . during the period that is the subject of the audit. In the event the Trust Funds ... bring an action to recover the imputed costs of audit, the Employer shall be obligated to pay the reasonable costs and attorneys' fees incurred in bringing said action.

153.    Upon information and belief, pursuant to the audits of defendants YORK HUNTER INC. and YORK HUNTER MANAGEMENT's books and records for the period August 27, 2002 through July 26, 2004, defendants YORK HUNTER INC. and YORK HUNTER MANAGEMENT are substantially delinquent in the payment of fringe benefit contributions to PLAINTIFF for said period.

154.    As a result of defendant YORK HUNTER INC. and YORK HUNTER MANAGEMENT's substantial delinquency, pursuant to the BCA Agreement and the 2002-2005 Agreement, there became due and owing to PLAINTIFF from YORK HUNTER INC. and YORK HUNTER MANAGEMENT the amount of $8,895.71 as and for the cost of the audits for the period August 27, 2002 through July 26, 2004.

155.    No part of the cost of the audits contractually due PLAINTIFF has been paid by defendants YORK HUNTER INC. and YORK HUNTER MANAGEMENT, although all audit costs have been duly demanded, and plaintiffs FUNDS have been damaged in the amount of $8,895.71.

156.    The failure, refusal or neglect of defendants YORK HUNTER INC. and YORK HUNTER MANAGEMENT to pay the cost of the audits to PLAINTIFF constitutes a violation of the BCA Agreement and the 2002-2005 Agreement with the UNION with respect to which PLAINTIFF is a third-party beneficiary.

157.    Accordingly, defendants YORK HUNTER INC. and YORK HUNTER MANAGEMENT are liable to PLAINTIFF as and for the cost of the audits for the period August

27, 2002 through July 26, 2004 in the amount of $8,895.71, plus the reasonable costs and attorneys' fees incurred in bringing this action.

## AS AND FOR A TWENTY-NINTH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR THE COST OF THE YORK HUNTER INC. AUDIT AGAINST DEFENDANT SIGNATORY)

158.    PLAINTIFF repeats and reallege each and every allegation contained in paragraphs 1 through 157 of this Complaint, as if fully set forth herein.

159.    Defendant SIGNATORY is obligated, pursuant to the 2002-2005 Agreement, to pay the cost of the aforesaid audits of defendant YORK HUNTER INC. in the amount of $8,895.71, plus the reasonable costs and attorneys' fees incurred in bringing this action.

160.    No part of the cost of the audits contractually due PLAINTIFF has been paid by defendant SIGNATORY, although all audit costs have been duly demanded.

161.    Accordingly, defendant SIGNATORY is liable to PLAINTIFF as and for the cost of the aforesaid audit in the amount of $8,895.71 plus the reasonable costs and attorneys' fees incurred in bringing this action.

## AS AND FOR A THIRTIETH CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF AGAINST DEFENDANTS YORK HUNTER INC. AND YORK HUNTER MANAGEMENT AND DEFENDANT SIGNATORY)

162.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 161 of this Complaint, as if fully set forth herein.

163.    Pursuant to the terms and conditions of the 2002-2005 Agreement, defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT, respectively, and defendant SIGNATORY are required to timely pay and/or submit fringe benefit contributions and/or reports to PLAINTIFF, remit dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION and permit and cooperate in the conduct of audits of defendants alter ego and/or single employer YORK

HUNTER INC. and YORK HUNTER MANAGEMENT'S books and records, respectively, for so long as defendants remain obligated to do so pursuant to the 2002-2005 Agreement.

164.    Upon information and belief, defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT and defendant SIGNATORY have failed to timely pay and/or submit fringe benefit contributions to PLAINTIFF for the period August 27, 2002 through July 26, 2004, remit dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to the UNION for the period August 27, 2002 through July 26, 2004, failed to permit and cooperate in the conduct of an audit of defendant alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT's books and records for the period July 27, 2004 through the present and are currently in breach of their obligations under the 2002-2005 Agreement. Defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT's and defendant SIGNATORY's prior conduct demonstrates a significant likelihood that they will continue to breach the terms of the 2002-2005 Agreement.

165.    The 2002-2005 Agreement provides in pertinent part:

> Where payment is made or an audit is conducted pursuant to a judgment or court order, the Employer recognizes the right of the Trustees of Mason Tenders District Council Fringe Benefit Funds to have the Court enter an order permanently enjoining the Employer and its agents, representatives, directors, officers, stockholders, successors and assigns, for the remaining term of this Agreement from failing, refusing, or neglecting to submit the required employer remittance reports and/or to pay the required contributions to the Mason Tenders District Council Fringe Benefit Funds, and requiring the Employer to cooperate in an audit in accordance with the provisions of the Agreement. In consideration of this Agreement, the Employer represents and warrants that it will not raise any defense, counterclaim or offset to the Trustees' application for this Order.

166.    PLAINTIFF has no adequate remedy at law to insure that defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT and defendant SIGNATORY will adhere to the terms of the 2002-2005 Agreement.

167.    PLAINTIFF will suffer immediate and irreparable injury unless defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT and defendant SIGNATORY, their officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to

PLAINTIFF and permit and cooperate in the conduct of audits for so long as defendants remain obligated to do so pursuant to the 2002-2005 Agreement. The UNION will suffer immediate and irreparable injury unless defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT and defendant SIGNATORY, their officers, agents, servants and employees are enjoined from failing, refusing or neglecting to deduct and remit dues checkoffs and PAC contributions from the wages paid employees who authorize said deductions in writing to the UNION, for so long as they remain obligated to do so pursuant to the 2002-2005 Agreement.

168.    Accordingly, PLAINTIFF request this Court issue an injunction permanently enjoining defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT, respectively, and defendant SIGNATORY, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to PLAINTIFF and requiring them to permit and cooperate in the conduct of audits for the term of the 2002-2005 Agreement. PLAINTIFF requests this Court issue an injunction permanently enjoining defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT, respectively, and defendant SIGNATORY, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing, or neglecting to deduct and remit dues checkoffs and PAC contributions deducted from the wages paid employees who authorize said deductions in writing to PLAINTIFF, for the term of the 2002-2005 Agreement.

## AS AND FOR A THIRTY-FIRST CLAIM FOR RELIEF

### (PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO ERISA AGAINST DEFENDANTS ALTER EGO AND/OR SINGLE EMPLOYER YORK HUNTER INC. AND YORK HUNTER MANAGEMENT)

169.    PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 168 of this Complaint, as if fully set forth herein.

170.    Pursuant to the provisions of ERISA and the BCA Agreement and the 2002-2005 Agreement, defendants alter ego and/or single employer YORK HUNTER INC. and YORK

HUNTER MANAGEMENT, respectively, are required to timely pay and/or submit fringe benefit contributions and/or reports to PLAINTIFF and permit and cooperate in the conduct of audits of defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT'S books and records, respectively, for so long as defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT remain obligated to do so pursuant to the BCA Agreement and the 2002-2005 Agreement.

171.    Upon information and belief, defendants alter ego and/or single employer YORK HUNTER INC., YORK HUNTER MANAGEMENT, and YORK HUNTER MANAGEMENT have failed to timely pay and/or submit fringe benefit contributions to PLAINTIFF for the period August 27, 2002 through July 26, 2004 and are currently in breach of their statutory obligations under ERISA. Defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT'S prior conduct demonstrates a significant likelihood that they will continue to breach the aforementioned statutory provisions.

172.    PLAINTIFF has no adequate remedy at law to insure that defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT will continue to adhere to their statutory obligations.

173.    PLAINTIFF will suffer immediate and irreparable injury unless defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT, their officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to PLAINTIFF and permit and cooperate in the conduct of audits for so long as defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT remain obligated to do so pursuant to ERISA.

174.    Accordingly, PLAINTIFF request this Court issue an injunction permanently enjoining defendants alter ego and/or single employer YORK HUNTER INC. and YORK HUNTER MANAGEMENT, respectively, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating ERISA by failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to PLAINTIFF and requiring them to permit and cooperate in the conduct of audits for the term of the BCA Agreement and the 2002-2005 Agreement.

**WHEREFORE**, PLAINTIFF and plaintiffs FUNDS demand judgment:

a.    against defendants YORK HUNTER INC. and YORK HUNTER MANAGEMENT and SIGNATORY, jointly and severally, for an Order requiring defendants to permit and cooperate in the conduct of an audit of the books and records of defendants YORK HUNTER INC. and YORK HUNTER MANAGEMENT for the period July 27, 2004 through the present by plaintiff FUNDS;

b.    against defendants YORK HUNTER INC., YORK HUNTER MANAGEMENT and SIGNATORY, jointly and severally, for payment of all past due contributions in the amount of $2,922.68 based on an audit of defendant YORK HUNTER INC.'s books and records for the period August 27, 2002 through July 26, 2004;

c.    against defendants YORK HUNTER INC., YORK HUNTER MANAGEMENT and SIGNATORY, jointly and severally, for payment of all past due contributions in the amount of $55,092.80 based on an audit of defendant YORK HUNTER MANAGEMENT's books and records for the period August 27, 2002 through July 26, 2004;

d.    against defendants YORK HUNTER INC., YORK HUNTER MANAGEMENT and SIGNATORY, jointly and severally, for payment of all contributions and interest which became due for the period July 27, 2004 through the present, and which become due during the pendency of this action;

e.    against defendants YORK HUNTER INC., YORK HUNTER MANAGEMENT and SIGNATORY, jointly and severally, for accrued prejudgment interest on all contributions in accordance with ERISA § 502(g)(2);

f.    against defendants YORK HUNTER INC., YORK HUNTER MANAGEMENT and SIGNATORY, jointly and severally, for statutory damages on all contributions now due and which accrue during the pendency of this action, reasonable attorneys' fees and costs and disbursements in accordance with ERISA § 502(g)(2);

g.    for an Order requiring defendant YORK HUNTER INC., YORK HUNTER MANAGEMENT and SIGNATORY, jointly and severally, to post and maintain a bond in the amount of $50,000.00 to guarantee payment of all contributions which become due to PLAINTIFF and remittance of all dues

checkoffs and PAC contributions which become due to PLAINTIFF, as the duly authorized agent;

h.      against defendants YORK HUNTER INC., YORK HUNTER MANAGEMENT and SIGNATORY, jointly and severally, for remittance of all deducted dues checkoffs in the amount of $219.45 based on an audit of defendant YORK HUNTER INC.'s books and records for the period August 27, 2002 through July 26, 2004, with interest;

i.      against defendants YORK HUNTER INC., YORK HUNTER MANAGEMENT and SIGNATORY, jointly and severally, for remittance of all deducted dues checkoffs in the amount of $4,565.70 based on an audit of defendant YORK HUNTER MANAGEMENT's books and records for the period August 27, 2002 through July 26, 2004, with interest;

j.      against defendants YORK HUNTER INC., YORK HUNTER MANAGEMENT and SIGNATORY, jointly and severally, for remittance of all deducted dues checkoffs found to be due and owing PLAINTIFF, as the duly authorized collecting agent for the UNION, in an amount to be determined by an audit of the books and records of defendants YORK HUNTER INC. and YORK HUNTER MANAGEMENT, respectively, for the period July 27, 2004 through the present, and which become owing during the pendency of this action, with interest;

k.      against defendants YORK HUNTER INC., YORK HUNTER MANAGEMENT and SIGNATORY, jointly and severally, for remittance of all deducted PAC contributions in the amount of $19.95 based on an audit of defendant YORK HUNTER INC.'s books and records for the period August 27, 2002 through July 26, 2004, with interest;

l.      against defendants YORK HUNTER INC., YORK HUNTER MANAGEMENT and SIGNATORY, jointly and severally, for remittance of all deducted PAC contributions in the amount of $338.20 based on an audit of defendant YORK HUNTER MANAGEMENT's books and records for the period August 27, 2002 through July 26, 2004, with interest;

m.      against defendants YORK HUNTER INC., YORK HUNTER MANAGEMENT and SIGNATORY, jointly and severally, for remittance of all deducted PAC contributions found to be due and owing to PLAINTIFF, as the duly authorized collecting agent for the PAC, in an amount to be determined by an audit of the books and records of defendants YORK HUNTER INC. and YORK HUNTER MANAGEMENT, respectively, for the period July 27, 2004 through the present, and which become owing during the pendency of this action, with interest;

n.    against defendants YORK HUNTER INC., YORK HUNTER MANAGEMENT and SIGNATORY, jointly and severally, for the cost of the audits of defendant YORK HUNTER INC and defendant YORK HUNTER MANAGEMENT.'s books and records for the period August 27, 2002 through July 26, 2004, in the amount of $8,895.71;

o.    against defendants YORK HUNTER INC., YORK HUNTER MANAGEMENT and SIGNATORY, jointly and severally, for the reasonable costs and attorneys' fees incurred in bringing this action;

p.    for an Order permanently enjoining defendants YORK HUNTER INC. and YORK HUNTER MANAGEMENT, respectively, and defendant SIGNATORY, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to PLAINTIFF, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, and requiring them to permit and cooperate in the conduct of audits in accordance with the 2002-2005 Agreement, and an Order permanently enjoining defendants YORK HUNTER INC. and YORK HUNTER MANAGEMENT, respectively, and defendant SIGNATORY, their agents, successors, assigns, representatives, directors, officers and stockholders from failing to remit deducted dues checkoffs and PAC contributions to the UNION for so long as they are obligated to do so pursuant to the 2002-2005 Agreement;

q.    for an Order permanently enjoining defendants YORK HUNTER INC. and YORK HUNTER MANAGEMENT, respectively, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to PLAINTIFF, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, and requiring them to permit and cooperate in the conduct of audits in accordance with ERISA and the BCA Agreement and the 2002-2005 Agreement; and

r.    for such other and further relief as the Court deems just and proper.

Dated:    New York, New York
July 18, 2007

GORLICK, KRAVITZ & LISTHAUS, P.C.
Attorneys for Plaintiffs

By: _____
Michael J. Vollbrecht, Esq. (MV 1118)
17 State Street, 4th Floor
New York, New York  10004-1501
(212) 269-2500